Per Curiam.

There is positive testimony by the defendant that the only amount he ever owed the plaintiff wife was $275, and that he had never authorized her to insert in the note an amount in excess of that. Plaintiff wife, on the other hand,’ testified that, in addition to the $275, she and her husband had loaned the defendant other amounts on other occasions. There is a definite conflict in the testimony as to whether the note was blank as to the name of payee at the time it was signed and as to whether (if it was blank when signed) there was .any authorization given by the defendant to fill in any name other than that of the one plaintiff.
The credibility of the various witnesses and the weight to be given their testimony are matters to be considered by the trier of the facts upon trial of the issues raised by the answer. It is not the function of the trial court to make those determinations upon a hearing of the petition to vacate.
The judgment is reversed on the authority of Livingstone v. Rebman, ante, 109.
In addition to the determination of the conflict concerning the amount and the authority to complete the note, there is an additional question raised herein as to whether the note was *126 completed within a reasonable time after being signed by the person sought to be charged thereon, a determination which should be made by a jury under proper instructions from the court or by the court in the event a jury is waived.

Judgment reversed.

Weygandt, C. J., Zimmerman, Bell and Herbert, JJ., concur.